# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ROLLY O'DELL KINNELL,

        Plaintiff,

v.

BARACK OBAMA, et al.,

        Defendants.

CIVIL ACTION

No: 13-4066-JAR-DJW

## REPORT AND RECOMMENDATION

## NOTICE

Within fourteen days after a party is served with a copy of this Report and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the Report and Recommendation. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the proposed findings of fact, conclusions of law, or the recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

## REPORT AND PROPOSED FINDINGS

### I. Plaintiff's Complaint and Amended Complaint

Plaintiff commenced this action pro se on June 20, 2013 by filing a Civil Complaint (ECF No. 1), which includes an attachment titled "Employment Discrimination Complaint" (ECF No. 1-1). He then filed an Amended Complaint (ECF No. 6) on July 1, 2013, adding ten pages with approximately twelve numbered paragraphs of additional claims. As best as the Court can determine, Plaintiff complains of the following matters: his 1998 state conviction; his subsequent incarceration; a parole violation; his ineligibility to vote; the results of the November 6, 2012 election; and his prior unsuccessful efforts to litigate these matters. Plaintiff names several defendants in the captions and descriptions of parties, including President Barack Obama, "all members of Congress that appropriate debt for Capitalist

1

exploitation," the United States District Court for the District of Kansas, the Tenth Circuit, and "all state courts of Kansas in connection with 98-CR-195 conviction." Plaintiff asserts jurisdiction based on diversity of citizenship, as well as Article III of the Constitution and several statutes, including 28 U.S.C. § 1344, 28 U.S.C. § 2254, and 42 U.S.C. § 1973b.

## II. Standard of Review for Screening

Contemporaneously with this recommendation, the Court has granted Plaintiff leave to proceed without prepayment of the filing fee pursuant to 28 U.S.C. § 1915(a)(1). As a result, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B), as well as Fed. R. Civ. P. 12(h)(3). The court is required to dismiss the case under § 1915(e)(2)(B) if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.[1] Rule 12(h)(3) requires dismissal of claims at any time where the court finds that it lacks subject-matter jurisdiction.[2] Because Plaintiff proceeds pro se, his pleadings are liberally construed.[3] Liberal construction, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."[4]

Pursuant to § 1915(e)(2)(B)(ii), a court must dismiss a case for failing to state a claim on which relief can be granted. Fed. R. Civ. P. 8(a) sets forth the pleading requirements to state a claim for relief. Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."[5] To plead a claim in compliance with this rule, a party must provide "enough facts to state a claim to relief that is plausible on its face."[6] Alleged facts must "raise a right to relief above the speculative

---

[1] 28 U.S.C. § 1915(e)(2)(B) (2012).

[2] Fed. R. Civ. P. 12(h)(3).

[3] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[4] *Id*.

[5] Fed. R. Civ. P. 8(a)(2).

[6] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

level."[7] Claims have facial plausibility when the pleader provides sufficient factual content to allow a "reasonable inference that the defendant is liable for the misconduct alleged."[8]

### III. Analysis of Plaintiff's Claims

First, the Court notes that Plaintiff attached a pleading titled "Employment Discrimination Complaint" to his original complaint. Although Plaintiff alleges that he is a "bondage slave on parole," he does not name any current or former employer. Thus, this pleading does not actually allege employment discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"). Instead, Plaintiff has used a form pleading provided by the court, wherein in substance he complains of the "failure to recognize right to represent and challenge all state-federal conviction discrimination," challenges his state conviction and complains about his prior litigation efforts. If Plaintiff intended to claim employment discrimination under Title VII, then such a claim should be dismissed, as he has failed to state a claim on which relief can be granted.

To the extent that Plaintiff is attempting to challenge his 1998 state convictions pursuant to 28 U.S.C. § 2254 in his pleadings, those challenges have already been denied on the merits in prior § 2254 writ of habeas corpus proceedings.[9] As a result, pursuant to 28 U.S.C. § 2244(b)(3)(A), Plaintiff must obtain preauthorization from the Tenth Circuit before filing another § 2254 application in the district court.[10] Absent Tenth Circuit preauthorization, the district court has no jurisdiction to hear successive claims under § 2254.[11] Here, Plaintiff has not obtained preauthorization from the Tenth Circuit. As a result, Plaintiff's claims as to his 1998 state convictions pursuant to 28 U.S.C. § 2254 should be dismissed for lack of jurisdiction.

---

[7] *Twombly*, 550 U.S. at 555.

[8] *Iqbal*, 556 U.S. at 678.

[9] *See Kinnell v. State of Kansas*, Case No. 00-3235-DES, 2001 U.S. Dist. LEXIS 26759 (Dec. 14, 2001) (no appeal of judgment filed) (motion for relief from judgment treated as second and successive application and transferred to Circuit), App. No. 03-3249 (preauthorization to file second and successive 2254 application denied).

[10] 28 U.S.C. § 2244(b)(3)(A) (2012).

[11] *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).

Regarding Plaintiff's vague complaints about the Prison Litigation Reform Act, 42 U.S.C. § 1997e *et seq.*, and/or 28 U.S.C. § 1915(g), the Court finds that these claims consist of conclusory statements that the statute or statutes at issue are unconstitutional, with no factual allegations presented. These claims should be dismissed under 28 U.S.C. § 1915(e)(2)(B) for failing to state a claim upon which relief can be granted.

Plaintiff also complains about an alleged parole violation on or about June 14, 2013, but again provides no factual description of any such violation. These claims should also be dismissed under 28 U.S.C. § 1915(e)(2)(B) for failing to state a claim upon which relief can be granted.

As for Plaintiff's request to recall the election of November 6, 2012 pursuant to 28 U.S.C. § 1344, the Court lacks jurisdiction to hear this claim. Under § 1344, the district courts may hear civil actions "to recover possession of any office, except that of elector of President or Vice President, United States Senator, Representative in or delegate to Congress, or member of a state legislature."[12] In this matter, however, Plaintiff does not claim that he is personally entitled to recover possession of an office for which he was a candidate. Thus, Plaintiff lacks standing to invoke this statute. Also, § 1344 requires that "the sole question touching the title to office arises out of denial of the right to vote, to any citizen offering to vote, on account of race, color or previous condition of servitude."[13] Here, Plaintiff does not allege that he was denied the right to vote on account of his race, color or previous condition of servitude. Instead, Plaintiff argues that "(t)he state of KS, states convicts can't vote,"[14] and that he was denied the right to vote as a member of a "convicted class."[15] Plaintiff therefore acknowledges that the reason he was

---

[12] 28 U.S.C. § 1344 (2012).

[13] *Id*.

[14] Compl. at 3 (ECF No. 1).

[15] Am. Compl. at 3 (ECF No. 6).

ineligible to vote is that he is on parole for a felony conviction.[16] In any event, as Plaintiff lacks standing to raise a claim under 28 U.S.C. § 1344, the Court lacks jurisdiction and should dismiss this claim.

Similarly, Plaintiff's complaints as to the denial of the right to vote under 42 U.S.C. § 1973b fail as well. Section 1973b prohibits the use of tests or devices, or alteration of voting qualifications or procedures, when effect thereof is to deprive citizen of his right to vote on account of race or color.[17] Again, Plaintiff has only alleged that he is unable to vote because he is a convicted felon on parole, and not due to race or color. As a result, this claim should be dismissed for failing to state a claim on which relief can be granted.

In addition, most, if not all, defendants named herein are immune to suit for actions that seek monetary relief or are taken within their official or judicial capacities.[18] These claims seek relief against defendants who are immune from such relief, and should be dismissed as such.

## RECOMMENDATION

It is hereby recommended that the Court dismiss this action for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3), as well as for failing to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), and for seeking monetary relief against defendants who are immune from such relief under 28 U.S.C. § 1915(e)(2)(B)(iii).

Respectfully submitted on this 5th day of August, 2013, in Kansas City, Kansas.

s/ David J. Waxse  
David J. Waxse  
United States Magistrate Judge

---

[16] Under Kansas law, "(a) person who has been convicted in any state or federal court of a felony shall, by reason of such conviction, be ineligible … to register as a voter or to vote in any election held under the laws of the state of Kansas" and this ineligibility "shall attach upon conviction and shall continue until such person is finally discharged from parole or conditional release." K.S.A. § 21-4615(1) (1996) (repealed 2010, current version at K.S.A. § 21-6613(a) (2012)).

[17] 42 U.S.C. § 1973b (2012).

[18] See, e.g., Forrester v. White, 484 U.S. 219, 225 (1988) (holding the President of the United States is absolutely immune from damage liability arising from official acts); Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (federal judges are immune for judicial actions taken within their jurisdiction); Van Sickle v. Holloway, 791 F.2d 1431, 1435 (10th Cir. 1986) (affirming dismissal of a pro se action against state judges based upon judicial immunity, citing Pierson v. Ray, 386 U.S. 547, 554 (1967)).