## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROLLY O'DELL KINNELL, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 13-4066-JAR-DJW |
| BARACK OBAMA, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

On June 20, 2013, Plaintiff Rolly O'Dell Kinnell filed a Civil Complaint that included an attachment titled "Employment Discrimination Complaint." He then filed an Amended Complaint on July 1, 2013. Plaintiff complains of the following matters: his 1998 state conviction; his subsequent incarceration; a parole violation; his ineligibility to vote; the results of the November 6, 2012 election; and his prior unsuccessful efforts to litigate these matters. Plaintiff names several defendants in the captions and descriptions of parties, including President Barack Obama, members of Congress, the United States District Court for the District of Kansas, the Tenth Circuit, and state courts of Kansas. On August 5, 2013, Magistrate Judge David J. Waxse issued a Report and Recommendation (Doc. 8) recommending dismissal of this action for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3), as well as for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), and for seeking monetary relief against defendants who are immune from such relief under 28 U.S.C. § 1915(e)(2)(B)(iii). Plaintiff filed an objection within the fourteen-day period prescribed by 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, to Judge Waxse's proposed findings and recommendations, as well as a Motion to Amend Complaint (Doc. 12), and a Motion to Appoint Counsel (Doc. 13). For the reasons explained in

detail below, the Court overrules Plaintiff's objection, adopts the Report and Recommendation, and denies Plaintiff's Motion to Amend Complaint and Motion to Appoint Counsel.

## I. Objection to Report and Recommendation

Upon objection to a magistrate judge's order on a dispositive matter, the district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."[1] Objections are proper only if they are both timely and specific.[2] An objection is timely if made within fourteen days after the magistrate judge issues a recommendation.[3] An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."[4] If objections are not timely or properly made, the court has broad discretion to review the recommendation under any standard that it finds appropriate.[5] In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."[6]

Because Plaintiff appears *pro se* in this case, the Court must liberally construe his pleadings.[7] Liberal construction, however, "does not relieve the plaintiff of the burden of

---

[1] Fed. R. Civ. P. 72(b)(3).

[2] *United States v. One Parcel of Real Property Known as 2121 East. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).

[3] *Id.*

[4] *See id.* (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

[5] *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

[6] *Id.*

[7] *McWilliams v. State of Colo.*, 121 F.3d 573, 574 (10th Cir. 1997).

alleging sufficient facts upon which a recognized legal claim could be based."[8] Additionally, Plaintiff's status as a *pro se* litigant does not excuse the pursuit of repetitive litigation.[9]

Because Plaintiff filed his objections within fourteen days of the Report and Recommendation in this case, his objections are timely. However, the pleading that Plaintiff filed in objection to dismissal is largely incomprehensible, arguing that this Court is "in conflict with rules that Judges can't practice law from the bench," and that the Tenth Circuit "is under attack for chattel property racketeering and false imprisonment" because his 1998 conviction was "void under ex post facto," that Judge Waxse's report is fraudulent, and that Plaintiff has a right to recall the November 2012 election as a member of the Symbionese Liberation Party.[10] Simply put, Plaintiff's objection is not sufficiently specific to "enable[ ] the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."[11] The Court finds that Plaintiff does not properly object to the Magistrate Judge's disposition.

Nonetheless, the Court finds itself in complete agreement with the conclusion reached in the Report and Recommendation. Under 28 U.S.C. § 1915(e)(2), the Court must consider the merits of all cases in which a plaintiff proceeds *in forma pauperis*, and must dismiss any action that it determines frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.[12] The Court has conducted a de novo review and agrees with Judge Waxse's conclusion that Plaintiff lacks

---

[8]*Id.*

[9]*Id.*

[10]Doc. 9.

[11]*Arn*, 474 U.S. at 147.

[12]28 U.S.C. § 1915(e)(2)(B)(ii).

subject matter jurisdiction, fails to state a claim, and seeks monetary damages against defendants who are immune. Plaintiff's objections are overruled, and the Court accepts the August 5, 2013 Report and Recommendation and adopts it as its own.

## II. Motion to Amend Complaint

A court may deny leave to amend where, among other reasons, "amendment would be futile."[13] A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason. . . ."[14]

Although Plaintiff has not attached a proposed amended complaint, he states that he seeks to add The Honorable Sam A. Crow as a defendant and to require Judge Waxse to set an evidentiary hearing regarding an order Judge Crow issued in separate proceedings regarding whether Judge Crow was acting as defense counsel. But, as explained in the Report and Recommendation, Judge Crow is immune for judicial actions taken within his jurisdiction.[15] Plaintiff also appears to restate his challenge to his 1998 state conviction pursuant to 28 U.S.C. § 2254 and makes incomprehensible complaints about the Prison Litigation Reform Act, both discussed and dismissed in the Report and Recommendation.[16] Plaintiff's proposed amendments are futile and therefore denied.

---

[13] *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999).

[14] *Watson v. Beckel*, 242 F.3d 1237, 1239–40 (10th Cir. 2001).

[15] *Mires v. Waco*, 502 U.S. 9, 11–12 (1991) (explaining federal judges are immune for judicial actions taken within their jurisdiction).

[16] Doc. 8 at 3–4.

### III. Motion to Appoint Counsel

Plaintiff renews his request for appointment of counsel, which was previously denied by Judge Waxse.[17] A party in a civil action has no right to appointment of counsel.[18] The Court may, however, appoint counsel pursuant to § 1915(e)(1) for a litigant proceeding *in forma pauperis*. The appointment of counsel is a matter within the sound discretion of the district court.[19] In deciding whether to appoint counsel under § 1915(e)(1), the court should consider "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigants' ability to present his claims, and the complexity of the legal issues raised by the claims."[20] Because Plaintiff's claims lack merit, the Court concludes that his Motion for Appointment of Counsel should be denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's objection to the Report and Recommendation of Magistrate Judge Waxse (Doc. 9) is **overruled**; Judge Waxse's Report and Recommendation (Doc. 8) is adopted in its entirety, and this action is **dismissed**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend Complaint (Doc. 12) and Motion to Appoint Counsel (Doc. 13) are **denied**.

**IT IS SO ORDERED.**

Dated: March 6, 2014

                                          S/ Julie A. Robinson
                                          JULIE A. ROBINSON
                                          UNITED STATES DISTRICT JUDGE

---

[17] Doc. 7.

[18] *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989).

[19] *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006).

[20] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).